ALBIN P. HOWE *vs.* JOSEPH MERRICK & others, Administrators.

Under the *St.* of 1857, *c.* 305, § 1, an administrator who is a party to a civil action is a competent witness to acts done or contracts made before his appointment, although the other party can only testify to matters since such appointment.

ACTION OF CONTRACT on a promissory note made by the defendants' intestate. Trial and verdict for the defendants in the court of common pleas in Hampden, before *Aiken*, J., to whose rulings the plaintiff alleged exceptions. The facts material to the point decided appear in the opinion.

*C. Delano & I. F. Conkey*, for the plaintiff, cited *Sts.* 1839, *c.* 107, § 2 ; 1851, *c.* 233, §§ 97, 98 ; 1852, *c.* 312, §§ 60, 61 ; 1856, *c.* 188 ; *Wood* v. *Gannett*, 4 Gray, 450  21 Law Reporter, 415, note.

*N. A. Leonard,* for the defendants

DEWEY, J.    The plaintiff has not further urged the point taken at the trial, that the indorsement of the note by one of the persons now defending as administrators of the estate of Daniel Merrick, in his private capacity, has estopped the defendants from controverting the genuineness of the signature of their intestate to the note.    The only question therefore is of the competency of Joseph Merrick, one of the administrators, as a witness, he not having first qualified himself as a witness by releasing his right to recover costs, or having any security tendered to him for his liability for costs, as was required by the provisions of the *St.* of 1839, *c.* 107, § 2.    But in our opinion this prerequisite was entirely abrogated by the *St.* 1857, *c.* 305, which was broader than the previous acts in its provisions, and recognized executors and administrators as persons qualified to testify in all suits in which they were parties.    It is said however that if the right to testify be held to arise under the *St.* of 1857, *c.* 305, the plaintiff being by that statute disqualified from testifying to any acts taking place before the appointment of the administrator, the administrator should also be held to be under the like partial disability.    To this the answer may be given, that the statute has not so limited the competency of the administrator as a witness, although it has restricted the evidence of the other party in a case where such administrator is a party to the suit. The evidence of the administrator was competent.

*Exceptions overruled.*